# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-98-D |
| ) | |
| SARAH JO MILLER ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the government's Motion for a Preliminary Order of Forfeiture. [Doc. No. 68]. Under Federal Rule of Criminal Procedure 32.2, and based upon the evidence already in the record, including Defendant Sarah Jo Miller's plea of guilty, the Court makes the following determinations:

As a result of her guilty plea entered on August 13, 2025, to a two-count Superseding Information filed on August 1, 2025 [Doc. No. 53], for which the government sought forfeiture, Defendant Sarah Jo Miller shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly, and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offense; and any firearms and ammunition involved in the commission of the offense, including, but not limited to, the following:

    a.    approximately $1,345.00 in U.S. currency;

    b.    a Glock, model 44, .22LR caliber pistol, bearing serial number AGXY081;

c.  a Canik, model TP9SF Elite, 9x19mm caliber pistol, with an obliterated serial number;

d.  a Stoeger, model Couger 8040F, .40 S&W caliber pistol, bearing serial number T6429-16D00136;

e.  a Beretta, model 950BS, .22 Short caliber pistol, bearing serial number BER61411T;

f.  a Smith & Wesson, model M&P 380 Shield EZ M2.0, .380 Auto caliber pistol, bearing serial number NDE7137;

g.  a Canik, model TP9SF, 9x19mm caliber pistol, bearing serial number 19AT01212;

h.  a Smith & Wesson, model 34-1, .22LR caliber revolver, bearing serial number M189606;

i.  a Glock, model 23, .40 caliber pistol, bearing serial number DAC863US;

j.  a Chiappa Firearms, model Plinkerton, .22LR caliber revolver, bearing serial number CFIT20H03122;

k.  a Mossberg, model 590, 12-gauge shotgun, bearing serial number U760895;

l.  a Remington, model M887 Nitro Mag, 12-gauge shotgun, bearing serial number ARM057864;

m.  a Mossberg, model 500A, 12-gauge shotgun, bearing serial number L692291;

n.  a Citadel, model Boss-25, 12-gauge shotgun, bearing serial number 20-76260;

o.  an Empire of Japan, model Type 38 Arisaka, 6.5x50mm caliber rifle, bearing an unknown serial number;

p.  a CZ, model VZ. 24, 8mm caliber rifle, bearing serial number 83C4;

q.  a Ruger, model PC Carbine, 9mm Luger caliber rifle, bearing serial

      number 912-59307;

r.     a CBC (Magtech), model 7022, .22LR caliber rifle, bearing serial number E048445;

s.     a H&K, model MP5, .22LR caliber rifle, bearing serial number HD059986;

t.     a Rock River Arms, model LAR-15, 5.56mm caliber rifle, bearing serial number CM33540;

u.     a Century Arms, model RAS47, 7.62x39mm caliber rifle, bearing serial number RAS47049074;

v.     a Northtech Defense, model NT15S, multi-caliber rifle, bearing serial number 00804;

w.     a Ruger, model American, .243 Win caliber rifle, with an obliterated serial number;

x.     a Palmetto State Armory, model PA-15, multi-caliber rifle, bearing serial number SCD700062;

y.     a Palmetto State Armory, model PA-15, multi-caliber pistol (AR platform), bearing serial number LW359803;

z.     a Smith & Wesson, model M&P 15-22, .22LR caliber rifle, bearing serial number DZY7357;

aa.     a Derya Arms, model TM22-A-18, .22LR caliber rifle, bearing serial number TG970-22A54431;

bb.     a Bushmaster, model Carbon-15, .223-5.56mm caliber rifle, bearing serial number CBC006296;

cc.     a Romarm/Cugir, model WASR-10, 7.62x39mm caliber rifle, bearing serial number 1-36029-2002; and

dd.     any and all ammunition and magazines not otherwise specified.

The Court has determined, based on Defendant's plea, that the above specific property ("Subject Property") is subject to forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between the Subject Property and the offenses to which Defendant pled guilty.

The entry of this Preliminary Order of Forfeiture authorizes the United States Attorney General (or a designee) to seize the Subject Property or to take any actions allowed under Fed. R. Crim. P. 32.2(b)(3). The entry of this Preliminary Order of Forfeiture also authorizes the United States to commence any applicable proceedings to comply with 21 U.S.C. § 853(n) governing third-party rights, including giving notice of this Order.

The United States shall publish on the government's official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this Order and notice of the intent of the United States to dispose of the property in such a manner as the Attorney General may direct. The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to 21 U.S.C. § 853(n)(1).

The government's notice must comply with Fed. R. Crim. P. 32.2(b)(6). Because the Court orders the forfeiture of specific property, the United States must publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

Any person, other than Defendant Sarah Jo Miller, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice under 21 U.S.C. § 853(n)(1), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2)–(6).

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Sarah Jo Miller at sentencing—or before sentencing if the Defendant consents—and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture Order, directly or by reference, in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)(3).

The United States shall have clear title to the Subject Property, if appropriate following the Court's disposition of all third-party interests, or, if none are asserted,

following the expiration of the period provided in 21 U.S.C. § 853(n), for the filing of third-party petitions, pursuant to 21 U.S.C. § 853(n)(7).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 16th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge